WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Caitlyn Boyle, | No. CV-16-0021-TUC-LCK |
| Plaintiff, | **ORDER** |
| v. | |
| Carolyn W. Colvin, | |
| Defendant. | |

Plaintiff Caitlyn Boyle filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision by the Commissioner of Social Security (Commissioner). (Doc. 1.) Before the Court are Boyle's Opening Brief, Defendant's Responsive Brief, and Boyle's Reply. (Docs. 16, 17, 18.) The parties have consented to Magistrate Judge jurisdiction. (Doc. 12.) Based on the pleadings and the administrative record submitted to the Court, this case is remanded for an award of benefits.

## PROCEDURAL HISTORY

Boyle filed an application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on December 16, 2011. (Administrative Record (AR) 68, 69, 211, 213.) She alleged disability from March 23, 2011. (AR 211, 213.) Boyle's application was denied upon initial review (AR 68-89) and on reconsideration (AR 90-114). A hearing was held on May 21, 2014 (AR 34-67), after which the ALJ found that Boyle was not disabled because she could perform her past relevant work (AR

21-28). The Appeals Council denied Boyle's request to review the ALJ's decision. (AR 1.)

## FACTUAL HISTORY

Boyle was born on October 6, 1986, making her 24 years of age at the onset date of her alleged disability. (AR 211.) Boyle has past experience doing retail work and clerical work, as well as work in social services; she lasted work in 2011. (AR 256.)

The ALJ found Boyle had one severe impairment of narcolepsy. (AR 23.) The ALJ cited Boyle's long history of polysubstance abuse but found it did not limit her ability to perform work activities. (AR 24.) The ALJ determined Boyle did not have any limitations based on psychological conditions. (*Id.*) The ALJ concluded Boyle had the RFC to perform work at all exertional levels, limited to never climbing ladders, ropes or scaffolds, and no work at unprotected heights or around hazardous moving machinery. (AR 25.) The ALJ concluded at Step Four, after testimony from a vocational expert, that Boyle could perform her past relevant work as a retail clerk or routine office clerk. (AR 27.)

## STANDARD OF REVIEW

The Commissioner employs a five-step sequential process to evaluate SSI and DIB claims. 20 C.F.R. §§ 404.1520; 416.920; *see also Heckler v. Campbell*, 461 U.S. 458, 460-462 (1983). To establish disability the claimant bears the burden of showing she (1) is not working; (2) has a severe physical or mental impairment; (3) the impairment meets or equals the requirements of a listed impairment; and (4) claimant's RFC precludes her from performing her past work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At Step Five, the burden shifts to the Commissioner to show that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). If the Commissioner conclusively finds the claimant "disabled" or "not disabled" at any point in the five-step process, she does not proceed to the next step. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)). The findings of the Commissioner are meant to be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla but less than a preponderance." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)). The court may overturn the decision to deny benefits only "when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001). This is so because the ALJ "and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019 (quoting *Richardson v. Perales*, 402 U.S. 389, 400 (1971)); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004). The Commissioner's decision, however, "cannot be affirmed simply by isolating a specific quantum of supporting evidence." *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998) (citing *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)). Reviewing courts must consider the evidence that supports as well as detracts from the Commissioner's conclusion. *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975).

## DISCUSSION

Boyle argues the ALJ committed five errors: (1) he failed to base his decision on any medical evidence; (2) he gave undue weight to Boyle's drug use; and (3) he failed to find her mental impairments severe.

**Medical Evidence**

Boyle challenges the ALJ's treatment of the medical opinions in the record. The record contains several opinions by her treating physician, Dr. Philip Eichling. On June 3, 2010, Dr. Eichling opined that Boyle could participate in an externship if allowed to arrive 15 minutes late and "take naps or breaks if needed." (AR 308.) In September and

October 2012, Dr. Eichling opined that, due to her narcolepsy (and depression), Boyle could not work at a "standard" job and was disabled. (AR 340, 341.) On April 29, 2014, Dr. Eichling noted that due to Boyle's narcolepsy and depression she could not perform any job that required her to stay awake during the daytime. (AR 412-13.)

Generally, a treating physician's opinion is afforded more weight than the opinion of an examining physician, and an examining physician's opinion is afforded more weight than a non-examining or reviewing physician's opinion. *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). When there are contradictory medical opinions such as there are in this case, to reject a treating physician's opinion, the ALJ must provide "specific and legitimate reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

The ALJ did not provide any reason for discounting Dr. Eichling's opinion. An ALJ is not bound by a doctor's opinion on the ultimate issue of disability; however, rejection of that opinion requires the same specific, legitimate reasons as required to reject a doctor's clinical opinions. *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). The ALJ's failure to provide any reasoning for rejecting the opinion of Dr. Eichling is error.[1] *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014).

The Court also examines the ALJ's treatment of the other medical opinions of record. Examining psychiatrist Hunter Yost found Boyle had no limitations in understanding and memory, sustained concentration and persistence, or social interaction. (AR 331-32.) However, he stated that her ability to adapt to change, "e.g. the ability to respond appropriately to changes in the work setting, be aware of normal hazards, and take appropriate action," would "depend[ ] upon whether she is able to stay awake or

---

[1] Defendant declined to address this claim, arguing that Plaintiff had not raised error with respect to the ALJ's treatment of Dr. Eichling's opinion. (Doc. 17 at 14.) Although Boyle's brief is unartful, she cited the controlling law regarding the ALJ's obligations with respect to the opinions of treating physicians and she relied upon Dr. Eichling's April 2014 opinion in arguing that the ALJ erred in his treatment of the medical opinions of record. (Doc. 16 at 14-15.) The Court finds this was sufficient to alert Defendant, and did alert her, to the claim regarding Dr. Eichling's opinion. Defendant acknowledged the possibility of this claim and concluded, erroneously, that "the ALJ reasonably rejected unpersuasive medical opinions." (Doc. 17 at 14.)

not." (AR 332.) The ALJ gave this opinion no weight because it was based solely upon Boyle's subjective reporting[2] and the examiner did not have knowledge of Boyle's substance abuse. (AR 27.)

The ALJ stated that he gave great weight to the opinions of the State agency consulting physicians. The consulting psychologists concluded Boyle had no severe psychological impairments. (AR 85, 110.) Consulting physicians, Drs. Marilyn Orenstein and Lloyd Anderson, found no exertional limitations but restricted Boyle with respect to heights and hazards. (AR 87-88, 111-13.) Additionally, they both concluded that Boyle "should be allowed to take naps or breaks if needed." (AR 88, 113.) The ALJ adopted the heights and hazards limitations but failed to acknowledge the limitation regarding breaks and naps. (AR 25.) Although the ALJ was not required to adopt any doctor's limitations in entirety, he was required to provide an explanation for his treatment of the medical opinions and the RFC. 42 U.S.C. § 405(b)(1) (requiring the ALJ to provide the reasons for her unfavorable decision). Here, all of the medical opinions indicated Boyle had limitations on her ability to work without napping an unspecified amount. The ALJ failed to acknowledge this limitation. Defendant argues it was reasonable for the ALJ to exclude this limitation because he found Boyle not credible. However, the ALJ did not make this connection and the Court cannot do it for him. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) (holding that review must be based on ALJ findings not post hoc rationalizations about what he may have been thinking).

Contrary to Defendant's argument that medical opinion evidence supports the ALJ's decision that Boyle can work (Doc. 17 at 13), there is no medical evidence of record that Boyle has the residual functional capacity to work without breaks and naps as she determines necessary. Although the ALJ did not state with specificity how he

---

[2] Dr. Yost could not rely upon anything but Boyle's self-reporting because, as he noted, the Commissioner did not provide him any medical records "documenting the sleep study and the diagnosis of narcolepsy." (AR 330.) Nor was he provided any records addressing her mental health. In fact, the only medical records he was provided related to a car accident in which Boyle suffered mild injuries and one doctor's appointment related to a urinary tract infection. (AR 328.)

determined each piece of the RFC, the Court looked to the physician's opinions on which he relied to see if it is evident. *See Treichler v. Comm'r of Social. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (reversing because the "'agency's path' could not 'reasonably be discerned'") (quoting *Alaska Dep't of Envtl. Conservation v. E.P.A.*, 540 U.S. 461, 497 (2004)). It is not.

**Remand**

A federal court may affirm, modify, reverse, or remand a social security case. 42 U.S.C. § 405(g). When a court finds that an administrative decision is flawed, the remedy should generally be remand for "additional investigation or explanation." *INS v. Ventura*, 537 U.S. 12, 16 (2006) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)); *see also Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004). However, a district court should credit as true treating physician opinions that were improperly rejected by the ALJ and remand for benefits if:

> (1) the ALJ failed to provide legally sufficient reasons for rejecting the testimony; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004); *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (precluding remand for further proceedings if the purpose is solely to allow ALJ to revisit the medical opinion he rejected). The Ninth Circuit holds that application of the credit as true rule is *mandatory* unless the record creates serious doubt that the claimant is disabled. *Garrison*, 759 F.3d at 1021.

Here, all of the requirements of the credit as true rule are satisfied. The ALJ's rejection of Dr. Eichling's opinion – that Boyle could not be awake for daytime work and was, therefore, disabled – was not supported by specific, legitimate reasons or substantial evidence. There are no outstanding issues that require resolution before the question of disability can be resolved. Crediting the doctor's opinion as true, it is clear the ALJ would be required to find Boyle disabled. The vocational expert testified that a person who cannot stay awake for the consecutive hours of a normal work day or who needed

breaks exceeding 15 minutes in the morning and afternoon and one hour at lunch, could not sustain any work. (AR 65-66.)

Defendant argues that there are significant factual contradictions in the record that must be resolved; therefore, the credit as true rule is not applicable. The only example she cites relates to Boyle's substance abuse: Boyle had a significant history of drug use but denied such during an emergency room visit for a car accident and when examined by Dr. Yost. (AR 320, 329.) The ALJ resolved this issue, finding Boyle, in fact, had a long history of substance abuse. (AR 24.) He ultimately concluded that Boyle's drug use did not "result in any limitations to her ability to perform work-related activities." (*Id.*) The Court accepts these findings, which do not preclude application of the credit as true rule.

Defendant also argues there is grave doubt whether Boyle is disabled. Defendant argues only that the evidence demonstrates that Boyle's sleep problems stemmed primarily from her lifestyle decisions not disabling narcolepsy. In support Defendants cites one record that, on February 14, 2013, Boyle told Dr. Eichling that she goes to bed at 6 a.m. because her boyfriend goes to bed at 5 a.m. due to his work schedule. (AR 349.) After treating Boyle since 2007, including during the period relied upon by Defendant, Dr. Eichling believed that Boyle could not maintain daytime employment due to her medical conditions, narcolepsy as well as depression and anxiety, not her lifestyle. (AR 412-13.) In addition, each medical opinion in the record determined Boyle might not be able to stay awake for employment without unscheduled breaks and naps. There are ongoing treatment records from Dr. Eichling to support these opinions, as well as a record from Dr. Hooper (AR 285-86 (noting that Boyle may need to accept a "limited lifestyle" and should schedule one to two naps a day), 289). Additionally, there are extensive mental health records that document the impact of Boyle's depression and anxiety from psychiatrist Dr. Samantha Frembgen (AR 354-62, 369-74), therapist Patrick Williamson (AR383-84, 398-408, 411), and from inpatient treatment at the Ranch (AR

414-511). Treating therapist Williamson opined that Boyle could not work in a competitive setting for a continuous period of six months.[3] (AR 377.)

In light of the entire record, the Court does not have serious doubt as to whether Boyle is disabled. Because the Court finds Boyle entitled to an award of benefits based on the ALJ's error in his treatment of Dr. Eichling's opinion, it does not consider Boyle's other claims.

Accordingly,

**IT IS ORDERED** that the decision of the Commissioner is **REVERSED AND REMANDED** for an award of benefits. The Clerk of Court should enter judgment and close this case.

Dated this 15th day of February, 2017.

Honorable Lynnette C. Kimmins
United States Magistrate Judge

---

[3] As pointed out by the ALJ (AR 24), this Mental Residual Functional Capacity Statement by Williamson is flawed in that one page is missing and some of the answers are inconsistent. (AR 377-78.) Also, it does not carry the weight of an acceptable medical source opinion. *See* 20 C.F.R. §§ 404.1513, 416.913. However, after treating Boyle for more than a year, Williamson's opinion is in alignment with other opinions in the record.